UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X
PHH MORTGAGE CORPORATION,

Plaintiff,

-against-

**ORDER**
25-cv-5382 (JMA) (SIL)

THERESE NOEL, JOHN DOE #1 THROUGH JOHN DOE #12, the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.
---------------------------------------------------------------------X

FILED
CLERK
9/28/2026 4:53 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

The instant action was brought to foreclose on a mortgage encumbering the property at 19 Martin Avenue, Hempstead, New York 11550 (the "Subject Property"). (See ECF No. 1.) Before the Court is the motion of plaintiff PHH Mortgage Corporation (the "Plaintiff") for Default Judgment of Foreclosure and Sale against Defendant Therese Noel pursuant to Fed. R. Civ. P. 55(a).[1] (ECF No. 16.) For the reasons stated herein, Plaintiff's motion is GRANTED and Plaintiff is awarded damages and additional relief as described below.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

[1] Plaintiff did not identify or serve any John Doe defendants and has requested that the Caption be amended accordingly. (See ECF No. 16 at 6.) That request is granted. The Clerk of the Court is respectfully directed to amend the Caption to remove the John Doe defendants.

**B. Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)). Here, Plaintiff appends to the Complaint copies of the mortgage, the mortgage note, the assignment of that mortgage to Plaintiff, the loan modification agreements, and the default and 90-day notices sent to Defendant. (ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6.) This documentary evidence, together with the allegations in the complaint, is sufficient to establish the Defendants' liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing Plaintiff's recommended Referee, Melissa Mohan, Esq., as Referee to effectuate the sale of the Subject Property.

**C. Damages**

In addition to foreclosure of the Subject Property, Plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec.,

Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of: (1) the principal balance of $175,278.65 owed by the Defendant on the loan, (2) interest in the amount of $6,003.63 from November 1, 2024 through October 8, 2025, (3) miscellaneous costs in the amount of $11,110.87, and (4) attorneys' fees in the amount of $6,800. The Court finds that Plaintiff's submissions, including the Affidavit of Affirmation of Indebtedness sworn by Claribel Lopez, Contract Management Coordinator for, (ECF No. 11-6), together with the exhibits annexed to the Complaint, establish the damages to a reasonable certainty. Accordingly, Plaintiff is awarded $11,110.87 in damages, $6,003.63 in interest, and $17,910.87 in costs and fees, for a total award of $199,192.65.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default Judgment of Foreclosure and Sale against the Defendant is granted and Plaintiff is awarded a total of $199,193.15 in principal, interest calculated through October 8, 2025, costs, and attorneys' fees. The Clerk of the Court is directed to enter a Judgment of Foreclosure and Sale and then to close this case.

**SO ORDERED.**

Dated: September 28, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE